UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE SHAFER, | No. 2:17-cv-1909 DB P |
| Plaintiff, | |
| v. | ORDER |
| SAN JOAQUIN GENERAL HOSPITAL, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff's complaint is before the court for screening.

**I.     Application to Proceed In Forma Pauperis**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the requests to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments

1

of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**II.     Screening Requirement**

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**III.    Pleading Standard**

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

////

**IV.     Plaintiff's Allegations**

At all times relevant to this action, plaintiff was a state inmate housed at Mule Creek State Prison ("MCSP") in Ione, California. Plaintiff names the following defendants: (1) Doe One, sued in his or her individual capacity, is the person "responsible for contracting outside agencies to conduct adequate examination of prisoners, to make adequate diagnosises [sic] of prisoners illnesses, and to exercise professional judgments regarding surgical matters," (2) San Joaquin General Hospital ("SJGH"), (3) Doe Two, a physician employed at MCSP, sued in his or her individual capacity, (4) Dr. E. Horowitz, a physician employed at MCSP, sued in his individual capacity, (5) Dr. Chau, a physician employed at MCSP, sued in his individual and official capacities, and (6), Doe Three, a physician employed at SJGH, sued in his or her individual capacity.

Based on the allegations in the complaint and the attached documents, plaintiff's allegations can be fairly summarized as follows:

On an unspecified date, Dr. Doe Two and/or Dr. Horowitz recommended an unnecessary surgical procedure on plaintiff's left eye.

On July 27, 2015, plaintiff was transported to SJGH where Doe One and SJGH failed to exercise professional judgment and "disregarded an obvious risk to plaintiff's health" by allowing Dr. Doe Three to implant a Stryker mesh beneath plaintiff's left eye.

In the weeks following this surgery, plaintiff began experiencing pain when the Stryker mesh implant began pushing plaintiff's left eye to one side causing blurred vision, vertigo, and a sense of disorientation.

On August 15, 2016, plaintiff was examined by non-party eye surgeon Dr. Tesluk, who determined that the Stryker mesh implant was not required "and can be removed if the ENT surgeon feels that it is appropriate." Despite this specialist's opinion, Dr. Chau was dismissive of plaintiff during an examination and did not recommend the removal of the Stryker mesh implant.

As a result of these defendants' conduct, plaintiff continues to suffer pain, blurred vision, and disorientation.

Plaintiff seeks declaratory relief, injunctive relief, and damages.

**V.    Discussion**

**A.    Eighth Amendment Medical Indifference**

The government has an "obligation to provide medical care for those whom it is punishing by incarceration," and failure to meet that obligation can constitute an Eighth Amendment violation cognizable under § 1983. Estelle v. Gamble, 429 U.S. 97, 103-105 (1976). To establish an Eighth Amendment violation, a prisoner "must satisfy both the objective and subjective components of a two-part test." Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted). A prisoner must show (1) a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain, and (2) that the defendant's response to the need was deliberately indifferent. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing McGuckin v. Smith, 974 F.2d 1050, 1559-1560 (9th Cir. 1991), *overruled in part on other grounds by* WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). A mere "difference of medical opinion . . . [is] insufficient, as a matter of law, to establish deliberate indifference." Id. at 1058. Mere indifference, negligence, or medical malpractice is not sufficient to support the claim. Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v. Gamble, 429 U.S. 87, 105-06 (1976)). To demonstrate indifference, a plaintiff must demonstrate that the risk was obvious or provide other circumstantial evidence that defendants were aware of the substantial risk to his health, and that there was no reasonable justification for exposing him to that risk. Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010).

A prisoner can establish deliberate indifference by showing that officials intentionally interfered with his medical treatment for reasons unrelated to the prisoner's medical needs. See Hamilton v. Endell, 981 F.2d 1062, 1066 (9th Cir. 1992); Estelle, 429 U.S. at 105. Where a prisoner alleges deliberate indifference based on a delay in medical treatment, the prisoner must show that the delay led to further injury. See Shapley v. Nevada Bd. Of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam).

Plaintiff's allegations fall short of the showing required for an Eighth Amendment medical indifference claim. He accuses the various defendants of failing to exercise proper care in regards to his eye surgery, but none of the allegations suggest deliberate indifference on the part of any of them – that is, that they were aware of a substantial risk to plaintiff's health that they deliberately ignored. At best, plaintiff's allegations suggest negligence or medical indifference, neither of which is sufficient to state an Eighth Amendment medical indifference claim.

As for Dr. Chau specifically, plaintiff suggests that this defendant deliberately ignored a medical specialist's advice, but the attachments to the pleading reveal that, while Dr. Tesluk determined that the Stryker mesh implant was not required, he only indicated that it "can be removed if the ENT surgeon feels that it is appropriate." Contrary to plaintiff's suggestion, then, this specialist did not recommend removal, and Dr. Chau did not ignore this recommendation. The attachments also suggest that while plaintiff complained about Dr. Chau being dismissive of his complaints of pain and his request for removal of the implant, Dr. Chau in fact referred plaintiff to an Ear, Nose and Throat doctor and then an ophthalmologist, neither of whom deemed it necessary to remove the implant. These facts do not suggest deliberate indifference.

Accordingly, the undersigned finds that plaintiff fails to state a medical indifference claim against any defendant.

### B. Eleventh Amendment Immunity

Plaintiff has brought suit against some of the defendants in their official capacities, and his request for relief includes damages. Plaintiff's official capacity claims for damages are barred by the Eleventh Amendment. See Kentucky v. Graham, 473 U.S. 159, 169-70 (1985) (Eleventh Amendment immunity from damages in federal court action against state remains in effect when state officials are sued for damages in their official capacity). Plaintiff's damages claims against any of the defendants in their official capacities are not cognizable. Although Eleventh Amendment immunity precludes an award of damages against defendants, it "does not bar actions for declaratory or injunctive relief brought against state officials in their official capacity." Austin v. State Indus. Ins. Sys., 939 F.2d 676, 680 (9th Cir. 1991). If plaintiff proceeds on an official capacity claim it could only be for the injunctive relief in relation to his health care.

In addition, official capacity claims must allege that a policy or custom of the governmental entity of which the official is an agent was the moving force behind the violation. See Hafer v. Melo, 502 U.S. 21, 25 (1991); Kentucky v. Graham, 473 U.S. 159, 166 (1985). Plaintiff must establish an affirmative causal link between the policy at issue and the alleged constitutional violation. See City of Canton, Ohio v. Harris, 489 U.S. 378, 385, 391-92 (1989); Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996); Oviatt v. Pearce, 954 F.2d 1470, 1473-74 (9th Cir. 1992). Here, plaintiff identifies no policy or custom associated with the violation.

### C. State Law Claims

Plaintiff's complaint may be construed as seeking to assert a state law claim against one or more defendants for negligence and/or medical malpractice.

This court may exercise jurisdiction over a state law claim pursuant to 28 U.S.C. § 1367(a), which states that in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III [of the Constitution]," except as provided in subsections (b) and (c). "[Once judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under § 1367(c) is discretionary." ACI v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

Here plaintiff has failed to allege a cognizable federal claim and therefore this court does not have jurisdiction over any state law claims. Unless plaintiff alleges a viable federal claim in an amended complaint, the court will not exercise supplemental jurisdiction over state law claims, even if Plaintiff states a claim under state law. 28 U.S.C. § 1367(c)(3); Parra v. PacifiCare of Az., Inc., 715 F.3d 1146, 1156 (9th Cir. 2013).

////

////

6

## VI. Conclusion

Plaintiff's complaint fails to state a claim. The court will grant plaintiff an opportunity to file an amended complaint to cure noted defects. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If plaintiff does not wish to amend, he may instead file a notice of voluntary dismissal, and the action then will be terminated by operation of law. Fed. R. Civ. P. 41(a)(1)(A)(i). Alternatively, plaintiff may forego amendment and notify the court that he wishes to stand on his complaint. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004) (plaintiff may elect to forego amendment). The undersigned then will issue findings and recommendations to dismiss all claims and defendants, plaintiff will have an opportunity to object, and the matter will be decided by a District Judge.

If plaintiff chooses to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a

right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The Clerk's Office shall send plaintiff a blank civil rights complaint form and a copy of his complaint, filed September 13, 2017;

4. Within thirty (30) days from the date of this order, plaintiff must file either (a) a first amended complaint curing the deficiencies identified by the court in this order, (b) a notice of voluntary dismissal, or (c) a notice of election to stand on the complaint; and

5. If plaintiff fails to comply with this order, the court may recommend the action be dismissed, with prejudice, for failure to obey a court order and failure to state a claim, subject to the "three strikes" provision set forth in in 28 U.S.C. § 1915(g).

Dated: January 25, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;
DB/Inbox/Substantive/shaf1909.scrn

8