UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE SHAFER,<br><br>        Plaintiff,<br><br>   v.<br><br>SAN JOAQUIN GENERAL HOSPITAL,<br>et al.,<br><br>        Defendants. | No.  2:17-cv-1909 DB P<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff's complaint was previously dismissed for failure to state a claim. His first amended complaint is before the court for screening.

I.      **Screening Requirement**

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

II.     **Pleading Standard**

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp.

1

Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

### III. Plaintiff's Allegations

At all times relevant to this action, plaintiff was a state inmate housed at Mule Creek State Prison ("MCSP") in Ione, California. Plaintiff names the following defendants: (a) San Joaquin General Hospital ("SJGH"), (b) MCSP physicians Dr. Christopher Smith, Dr. E. Horowitz, Dr. Chau, Dr. Doe 1, and Dr. Doe 2, and (c) SJGH physician Dr. Alexander Ierokomos.

Based on the allegations in the complaint and the attached documents, plaintiff's allegations can be fairly summarized as follows:

On an unspecified date, plaintiff was assaulted at MCSP resulting in trauma to his left eye. Following this incident, Dr. Horowitz ordered a CT scan of plaintiff's face, which confirmed a fracture to the left eye.

On Dr. Horowitz's order, plaintiff was examined by an eye specialist, non-party Dr. Gregory Tesluk, who confirmed a blowout fracture to the left eye but who determined that no

treatment was necessary since plaintiff did not have double vision and there was no significant shrinkage at that point.

Despite Dr. Tesluk's determination that no treatment was needed, Dr. Smith, Dr. Horowitz Dr. Doe 1, and Dr. Doe 2 referred and/or approved further treatment for the blowout fracture at SJGH. On July 27, 2015, plaintiff was transferred to SJGH where Dr. Ierokomos implanted a Stryker mesh beneath plaintiff's left eye to treat the blowout fracture. This operation, however, was beyond Dr. Ierokomos's expertise since he is an Ear, Nose, and Throat ("ENT") doctor, not an ophthalmologist.

In the weeks following this surgery, plaintiff began to experience pain due to the implant pushing plaintiff's left eye to one side, causing blurred vision, vertigo, and a sense of disorientation.

On February 3, 2016, plaintiff met again with Dr. Ierokomos and requested that the implant be removed due to issues with blurriness. Although Dr. Ierokomos did not believe that the removal would resolve plaintiff's blurred vision, he did recommend it per plaintiff's request.

On or around February 18, 2016, Dr. Chau met with plaintiff briefly, refused to listen to plaintiff's concerns, and denied authorization for the removal surgery. Dr. Chau did, however, refer plaintiff to an eye doctor.

On February 19, 2016, plaintiff was examined by an ophthalmologist, who did not indicate a need for the implant to be removed.

Also on February 19, 2016, plaintiff filed an inmate grievance concerning Dr. Chau's refusal to authorize the removal surgery. This appeal was denied at the first level of review by Dr. Smith, who noted that the various medical providers involved in plaintiff's care have indicated that removal of the mesh implant was not medically necessary.

On August 15, 2016, Dr. Tesluk wrote to Dr. Smith that plaintiff's "orbital implant is not required from the eye standpoint and can be removed if the ENT surgeon feels that it is appropriate."

To date, neither Dr. Chau nor Dr. Smith have approved or recommended the removal of the implant, resulting in continuous pain, blurred vision, vertigo, and disorientation.

Plaintiff seeks declaratory relief, injunctive relief, and damages.

**IV.    Discussion**

    **A.    Eighth Amendment Medical Indifference**

The government has an "obligation to provide medical care for those whom it is punishing by incarceration," and failure to meet that obligation can constitute an Eighth Amendment violation cognizable under § 1983. <u>Estelle v. Gamble</u>, 429 U.S. 97, 103-105 (1976). To establish an Eighth Amendment violation, a prisoner "must satisfy both the objective and subjective components of a two-part test." <u>Hallett v. Morgan</u>, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted). A prisoner must show (1) a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain, and (2) that the defendant's response to the need was deliberately indifferent. <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1559-1560 (9th Cir. 1991), *overruled in part on other grounds by* <u>WMX Techs., Inc. v. Miller</u>, 104 F.3d 1133 (9th Cir. 1997).

"Deliberate indifference is a high legal standard." <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1060 (9th Cir. 2004). A mere "difference of medical opinion . . . [is] insufficient, as a matter of law, to establish deliberate indifference." <u>Id.</u> at 1058. Mere indifference, negligence, or medical malpractice is not sufficient to support the claim. <u>Broughton v. Cutter Labs.</u>, 622 F.2d 458, 460 (9th Cir. 1980) (citing <u>Estelle v. Gamble</u>, 429 U.S. 87, 105-06 (1976)). To demonstrate indifference, a plaintiff must demonstrate that the risk was obvious or provide other circumstantial evidence that defendants were aware of the substantial risk to his health, and that there was no reasonable justification for exposing him to that risk. <u>Thomas v. Ponder</u>, 611 F.3d 1144, 1150 (9th Cir. 2010).

A prisoner can establish deliberate indifference by showing that officials intentionally interfered with his medical treatment for reasons unrelated to the prisoner's medical needs. <u>See Hamilton v. Endell</u>, 981 F.2d 1062, 1066 (9th Cir. 1992); <u>Estelle</u>, 429 U.S. at 105. Where a prisoner alleges deliberate indifference based on a delay in medical treatment, the prisoner must show that the delay led to further injury. <u>See Shapley v. Nevada Bd. Of State Prison Comm'rs</u>, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam).

On review, the undersigned against finds that plaintiff's allegations fall short of the showing required for an Eighth Amendment medical indifference claim. While he continues to accuse the various defendants of failing to exercise proper care regarding the Stryker mesh implant, none of the allegations suggest deliberate indifference on the part of any of them – that is, that they were aware of a substantial risk to plaintiff's health that they deliberately ignored. At best, plaintiff's allegations suggest a difference of opinion between plaintiff and his medical providers or a difference of opinion between the medical providers themselves. At worst, the allegations suggest negligence or medical indifference. This includes plaintiff's claims against Dr. Chau, who in fact referred plaintiff to an ENT and then an ophthalmologist, neither of whom deemed it medically necessary to remove the implant. None of the allegations, though, state an Eighth Amendment medical indifference claim.

**B.      State Law Claims**

Plaintiff's complaint may be construed as seeking to assert a state law claim against one or more defendants for negligence and/or medical malpractice.

This court may exercise jurisdiction over a state law claim pursuant to 28 U.S.C. § 1367(a), which states that in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III [of the Constitution]," except as provided in subsections (b) and (c). "[Once judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under § 1367(c) is discretionary." ACI v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

Here plaintiff has again failed to allege a cognizable federal claim and therefore this court does not have jurisdiction over any state law claims. 28 U.S.C. § 1367(c)(3); Parra v. PacifiCare of Az., Inc., 715 F.3d 1146, 1156 (9th Cir. 2013).

////

////

## C. Leave to Amend

"A district court may deny a plaintiff leave to amend if it determines that allegations of other facts consistent with the challenged pleading could not possibility cure the deficiency, or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010). Although a court should freely give leave to amend when justice so requires, "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" Ecological Rights Found. v. Pac. Gas & Elec. Co., 713 F.3d 502, 520 (9th Cir. 2013) (quoting Miller v. Yokohama Tire Corp., 358 F.3d 616, 622 (9th Cir. 2004)).

Plaintiff has had two opportunities to allege facts sufficient to support his claims and has not done so. This court provided detailed analysis in its previous screening order about the deficiencies of the original complaint and granted leave to amend. Those deficiencies have not been cured and it would be futile to allow further opportunities to amend. Accordingly, the court will not recommend that leave to amend be granted.

## V. Conclusion

Based on the foregoing, IT IS HEREBY ORDERED that a district judge be assigned to this case; and

IT IS HEREBY RECOMMENDED that the first amended complaint be dismissed without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

////

////

////

////

Any response to the objections shall be filed and served within fourteen days after service of the objections. Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 6, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;
DB/Inbox/Substantive/shaf1909.scrn 1AC